NO. 12-00-00371-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


DANNY LYNN NABORS,
§
 APPEAL FROM THE 402ND

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 WOOD COUNTY, TEXAS

 After a guilty plea, Appellant Danny Lynn Nabors was convicted by a jury of possession,
with intent to deliver, of more than four grams but less than 200 grams of methamphetamine. The
jury assessed his punishment at life imprisonment and a $10,000.00 fine. On appeal, Appellant
presents us with five issues, one of which is ineffective assistance of counsel. We affirm.


Background

 After actively observing Appellant for six months, Van Zandt County authorities believed
that Appellant was dealing larger than street level quantities of methamphetamine. When Appellant
moved to Wood County, those authorities were informed of the previous investigation and also
began observing Appellant. They, too, came to the conclusion that Appellant was a dealer. Based
upon this information, Wood County sheriff's department secured a search and arrest warrant. When
they searched Appellant's residence outside of Mineola, they located a container holding
approximately 16.29 grams of methamphetamine. The officers also discovered at least five firearms
on the premises. Appellant and his girlfriend were arrested at the scene. Appellant was cooperative
with the authorities, giving them a written confession exonerating his girlfriend and accepting full
responsibility for the narcotics. Appellant also agreed to reveal his supplier and was released to set
up a sting. After two days, Appellant had not followed through with the agreement. Another arrest
warrant was issued and Appellant was arrested at his residence. On this occasion, he was found to
have in his possession 4.37 grams of methamphetamine. Appellant made bond on all charges, but
when his case was called for trial, Appellant failed to appear. He was eventually arrested in Austin
and returned to Wood County for trial. 

 Appellant was charged with possession, with intent to deliver, of more than four grams but
less than 200 grams of methamphetamine, a first degree felony. The State's indictment alleged three
prior felony convictions for enhancement of punishment. If the enhancement paragraphs were found
to be true, the minimum range of punishment increased from five years imprisonment to fifteen years
imprisonment. Tex. Pen. Code Ann. § 12.42 (c)(1) (Vernon 1994). The State also sought an
affirmative finding of a weapon. The jury deliberated after Appellant pleaded guilty to the charged
offense and pleaded "true" to the enhancement paragraphs. During deliberations, the jury sent out
several notes asking to see certain exhibits, as well as to ask specific questions about parole and
punishment. The trial court directed the jury to find Appellant guilty as charged, which it did, and
the jury assessed his punishment at life in prison and a $10,000 fine. The jury refused to find that
Appellant used or exhibited a deadly weapon in the commission of the offense. 

 After trial counsel was allowed to withdraw, Appellant filed a motion for new trial, and the
trial court heard testimony and evidence concerning trial counsel's alleged ineffectiveness at trial. 
Trial counsel did not testify. Appellant also attempted to view the tape used by officers to obtain a
search warrant which was provided by confidential informants. The trial court denied Appellant's
motion for new trial and refused to order the State to disclose the tape, or include the tape in the
appellate record, as the request was untimely. This appeal followed, in which Appellant complains
of ineffective assistance of counsel, an erroneous admonishment on the range of punishment, an
improper finding that Appellant's guilty plea was knowing and voluntary, the prosecutor's comment
on Appellant's failure to testify, and the trial court's refusal to include a tape recording used to obtain
the search warrant in this case in the record on appeal. 



Ineffective Assistance of Counsel

Standard of Review

 Appellant alleges twenty-three instances of ineffective assistance of counsel at the
punishment phase of his trial. To show that his trial counsel was ineffective, Appellant must meet
the two-pronged test articulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L.
Ed. 2d 674 (1984). First, Appellant must demonstrate that counsel's performance was deficient. 
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. In order to satisfy this prong, Appellant must
demonstrate that counsel's performance fell below an objective standard of reasonableness, as
judged on the facts of a particular case and viewed at the time of counsel's conduct. Strickland, 466
U.S. at 688-90, 104 S. Ct. at 2065-66. However, counsel is presumed to have rendered adequate
assistance and made all significant decisions in the exercise of reasonable professional judgment. 
Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Appellant has the burden to rebut
this presumption by proving that his attorney's representation was unreasonable under prevailing
professional norms and that the challenged action was not sound strategy. Jackson v. State, 877
S.W.2d 768, 771 (Tex. Crim. App. 1994). An appellate court must judge counsel's performance
from the totality of the representation and on the particular circumstances of the case. Thompson,
9 S.W.3d at 813. 

 We do not inquire into matters of trial strategy unless from all appearances no plausible basis
exists in strategy or tactics for trial counsel's actions. Johnson v. State, 614 S.W.2d 148, 152 (Tex.
Crim. App. 1981). When the record contains no evidence of the reasoning behind trial counsel's
actions, we cannot conclude counsel's performance was deficient. See Jackson, 877 S.W.2d at 772. 
A silent record does not require an appellate court to speculate on the reasons for trial counsel's
decisions. Id. at 771. Our speculation on the reasons for trial counsel's actions is "not material." 
Id. 

 The second prong requires Appellant to show that counsel's performance prejudiced his
defense at trial. Strickland, 466 U.S. at 692, 104 S. Ct. at 2067. "It is not enough for the Appellant
to show that the errors had some conceivable effect on the outcome of the proceeding." Strickland,
466 U.S. at 693, 104 S. Ct. at 2067. Rather, he must show there is a reasonable probability that the
result of the proceeding would have been different but for the errors made by counsel. Strickland,
466 U.S. at 694, 104 S. Ct. at 2068. "A reasonable probability is a probability sufficient to
undermine confidence in the outcome." Id. 

 "Any allegation of ineffectiveness must be firmly founded in the record and the record must
affirmatively demonstrate the alleged ineffectiveness." McFarland v. State, 928 S.W.2d 482, 500
(Tex. Crim. App. 1996). Failure to make the required showing of either deficient performance or
sufficient prejudice defeats the ineffectiveness claim. Id. 

Alleged Errors Showing Ineffective Assistance 

 We will refer to Appellant's specific complaints by the number referenced in his brief. 1. 
Failure to file any pre-trial motions. 2. Failure to file a motion to suppress Appellant's statement. 
3. Failure to file a motion to suppress evidence seized under the authority of a search warrant. 4. 
Failure to file any motions for discovery. 

 Appellant fails to point us to any matters in the record which could have been discovered by
such pretrial motions. There is also no showing of what type of informal discovery may have been
undertaken by defense counsel. See Passmore v. State, 617 S.W.2d 682, 685 (Tex. Crim. App.
1981), overruled on other grounds, Reed v. State, 744 S.W.2d 112, 125 (Tex. Crim. App. 1988). 
Where an appellant makes no showing that a ruling on pretrial motions would have changed anything
in the case, he has failed to establish ineffective assistance. (1) Roberson v. State, 852 S.W.2d 508,
511 (Tex. Crim. App. 1993). The mere failure to file an appropriate pretrial motion shall not be
categorically deemed as ineffective assistance of counsel. Madden v. State, 911 S.W.2d 236, 241
(Tex. App.-Waco 1995, pet. ref'd); Jaile v. State, 836 S.W.2d 680, 687 (Tex. App.-El Paso 1992,
no pet.). 

 Appellant cites Jackson v. State, 921 S.W.2d 809 (Tex. App.-Houston [14th Dist.] 1996),
in which the court held that trial counsel was ineffective for the failure, among other things, to file
a motion to suppress. Id. This case, however, was reversed by the court of criminal appeals in
Jackson v. State, 973 S.W.2d 954 (Tex. Crim. App. 1998), which held that in order to satisfy the
Strickland standard for ineffective assistance, an appellant is obliged to prove a motion to suppress
would have been granted. (2) Jackson, 973 S.W.2d at 957. Consequently, Appellant has failed to
demonstrate from the record that his trial attorney was ineffective for failing to file pretrial motions.

 5. Failure to file a motion or request for notice of intent to introduce extraneous offenses.
6. No objections to evidence of extraneous offenses. 7. No objection to testimony by Kelly Smith
concerning extraneous offenses. 8. No objection to testimony by Lt. Joyce Box and Investigator
Tommy Barrett concerning extraneous offenses and same transaction contextual evidence. 10. 
Motion in limine to exclude evidence of extraneous offenses not pressed to a ruling. 15. No request
for a limiting instruction in the court's charge in regard to the extraneous offenses admitted without
objection by trial counsel. 

 It is a fundamental tenet of our criminal justice system that an accused may be tried only for
the offense for which he is charged and not for being a criminal generally. Owens v. State, 827
S.W.2d 911, 914 (Tex. Crim. App. 1992). Rule 404(b) of the Texas Rules of Evidence incorporates
this tenet by prohibiting the admission of uncharged misconduct evidence that shows nothing more
than the accused's general propensity to commit criminal acts. Id. Since Appellant pleaded guilty,
however, his only trial was on punishment. The admissibility of extraneous offenses, therefore, was
controlled by the "relevant to sentencing" standard set forth in Tex. Code Crim. Proc. Ann. art.
37.07 § 3(a), which in pertinent part provides,


 Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may
be offered by the state and the defendant as to any matter the court deems relevant to sentencing,
including but not limited to the prior criminal record of the defendant, his general reputation, his
character, an opinion regarding his character, the circumstances of the offense for which he is being
tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an
extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been
committed by the defendant or for which he could be held criminally responsible, regardless of
whether he has previously been charged with or finally convicted of the crime or act. 



 Appellant does not direct us to any place in the record showing that evidence of his
extraneous offenses was inadmissible. Neither does he explain how prior knowledge or an objection
would have successfully kept them out of evidence. Further, he offers no support for his proposition
that a defendant is entitled to a limiting instruction on extraneous offenses when offered into
evidence during the punishment phase of a trial. In order to show ineffectiveness, an appellant must
show that the evidence was subject to exclusion [or limiting instruction] via legitimate objection
before counsel's failure to object constitutes prejudicial behavior. Lee v. State, 29 S.W.3d 570, 577-78 (Tex. App.-Dallas 2000, no pet.); Manly v. State, 28 S.W.3d 170, 174 (Tex. App.-Texarkana
2000, pet. ref'd) (the failure to object to admissible evidence cannot be ineffective assistance). Trial
counsel is not ineffective for failure to make meritless objections. Riles v. State, 595 S.W.2d 858,
861 (Tex. Crim. App. 1980). Further, absent a supporting record to the contrary, it must be
presumed that counsel's conduct was based on sound trial strategy. McFarland, 928 S.W.2d at 500.

 9. No objection to inadmissible evidence by Sheriff Bill Skinner. 21. No voir dire of the
State's reputation witness outside the presence of the jury. 22. No voir dire of Skinner outside the
presence of the jury.

 Appellant complains that counsel was ineffective in failing to test the qualifications of the
State's expert on drug offenses (Skinner) and reputation witnesses, as well as failing to object to the
expert witness's testimony. He does not suggest what a voir dire examination would have disclosed
nor does he suggest how he was harmed. Appellant did not call the witnesses to testify at the hearing
on his motion for new trial to test their qualifications, and the record does not otherwise suggest that
they were disqualified to testify as a reputation witness or as an expert witness. Appellant has again,
based upon the record, failed to overcome the presumption that counsel's conduct was sound
strategy (3) and fell within the range of reasonable representation. Id. 

 11. Trial counsel failed to ask the venirepersons any questions to determine if they had any
bias for any reason. 12. Trial counsel failed to ask the venirepersons any questions concerning
Appellant's right not to testify. 

 During voir dire, the trial court qualified the jury on burden of proof, reasonable doubt, right
not to testify, need for a juror to be impartial to both sides and to follow the law as given by the
court. The State qualified the jury on the range of punishment and announced that it would seek a
life sentence with a finding that a deadly weapon was used or exhibited in the commission of the
offense. It further questioned the jury whether its members were related or close friends with a
member of law enforcement, whether a member had personally been involved in a criminal
proceeding, and whether a member had any religious, moral, or personal reason that prevented him
or her from sitting in judgment of another person under the circumstances presented and knowing
the State would seek a life sentence. The State's presentation occupies twenty-seven pages of fifty-one pages of voir dire conducted by the lawyers.

 In defense counsel's twenty-four pages of voir dire, he informed the panel that they would
not be required to expend the time, energy, and attention to determine Appellant's guilt as he would
admit his guilt and narrow the issues to the proper punishment and whether a deadly weapon was
used in the commission of the crime. He countered the State by advising the panel that he would ask
for a sentence in the minimum or lower end of the range of punishment and qualified the jury on
their ability to return such a verdict. He further inquired if any venireperson had ever been a member
of a grand jury, whether anyone was related or close friends with any staff member of the district
attorney's office, and whether anyone had any reason, whether asked by counsel or not, that would
keep them from being totally fair and impartial. The last question identified three venirepersons who
expressed reservations. (4) 

 There is no requirement that trial counsel belabor a matter and repeat principles and issues
already adequately covered by either the court or the State. And absent a supporting record to the
contrary, it must be presumed that counsel's conduct was based on sound trial strategy. Id. We
cannot say, therefore, that trial counsel's conduct during voir dire was deficient. 

 13. No advice that Appellant refrain from signing stipulation of evidence which abrogated
Appellant's rights.

 Appellant complains that trial counsel was ineffective when he allowed him to sign a
document entitled Defendant's Written Stipulation and Waivers. He argues that the signed
document waived "almost every conceivable Constitutional right" possessed by Appellant; however,
he fails to identify any right actually denied. Further, although that document is marked as "State's
Exhibit 1" and appears in the Clerk's Record, it was not before the jury nor was it ever introduced
into evidence. Appellant freely and voluntarily entered a plea of guilty, was accorded his right to
a jury trial on the issue of punishment, was accorded his right to file and have an evidentiary hearing
on his Motion for New Trial, and has been granted an appeal. Assuming that counsel was deficient
in allowing Appellant to sign the document, Appellant has suffered no harm as he has been afforded
the full array of rights provided by law.

 14. No interview of the State's witnesses.

 Appellant complains of trial counsel's failure to interview the State's witnesses. An attorney
representing a criminal defendant is charged with making an independent investigation of the facts
of the case. McFarland, 928 S.W.2d at 501. Defense counsel should not, as a matter of course, rely
on the veracity either of his client's version of the facts or witness statements in the State's file. Id. 
However, the duty to conduct an investigation is not absolute. Id. Under Strickland, an attorney
has the duty "to make reasonable investigations or to make a reasonable decision that makes
particular investigations unnecessary." Strickland, 466 U.S. at 691, 104 S. Ct. at 2066. We consider
an attorney's decision not to investigate, or to limit the scope of investigation, with a great deal of
deference to the attorney's judgment, looking to the reasonableness of the decision in light of the
totality of the circumstances. Id. Where the alleged error of counsel is a failure to investigate or
discover potentially exculpatory evidence, the determination whether the error prejudiced the
defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that
discovery of the evidence would have led the attorney to change his recommendation as to the plea. 
Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985). This assessment,
in turn, will depend in large part on a prediction that the evidence likely would have changed the
outcome of a trial. Id. 

 The state of trial counsel's preparedness, his source of information, and his knowledge of the
facts of the case are unknown because Appellant failed to call him as a witness at the new trial
hearing. Whether trial counsel had obtained informal discovery, i.e., offense reports, search warrant
affidavit, lab report, negating the need for directly attempting to interview the witnesses is not
disclosed by the record. As the record does not affirmatively reflect any deficiency in counsel's
performance or harm suffered by Appellant, it would be pure speculation to assume he was denied
effective assistance of counsel. Such an assumption and speculation from a silent record is
prohibited. Jackson, 877 S.W.2d at 771. 

 16. No request for a charge on reasonable doubt in regard to the extraneous offenses
admitted without objection by trial counsel.

 We agree that a defendant is entitled to an instruction on reasonable doubt in regard to the
jury's consideration of extraneous offenses. See Tex. Code Crim. Proc. Ann. art. 37.07 § 3(a)
(Vernon Supp. 2002); Huizar v. State, 12 S.W.3d 479, 483-84 (Tex. Crim. App. 2000). But
Appellant failed to call trial counsel to testify at his motion for new trial hearing. See Ryan v. State,
937 S.W.2d 93, 104 (Tex. App.-Beaumont 1996, pet. ref'd). Consequently, we have no way of
knowing if trial counsel's failure to ask for an instruction was trial strategy, perhaps because he did
not wish to remind the jury of the extraneous offenses. Abbott v. State, 726 S.W.2d 644, 649 (Tex.
App.-Amarillo 1987, pet. ref'd). Further, counsel is not rendered ineffective merely because counsel
may have made a mistake during trial and other counsel may have tried the case differently. Ybarra
v. State, 890 S.W.2d 98, 113 (Tex. App.-San Antonio 1994, pet. ref'd). We cannot say, therefore,
on the record before us, that this inaction on trial counsel's part showed deficient representation. 
Jackson v. State, 877 S.W.2d 768, 771-73 (Tex. Crim. App. 1994); Ryan, 937 S.W.2d at 93, 98,
104.

 17. No objection to the charge which omitted the required parole instruction. 18. No
objection to the Court's response to the jury's note requesting information about parole. The parole instruction required by article 37.07 of the Code of Criminal Procedure was not
included in the jury charge. Appellant now complains that it was ineffective assistance of counsel
when his trial attorney did not object to the omitted instruction. We agree that the instruction should
have been included; however, the harm was mitigated when the jury sent out a note asking about
parole and the trial court answered, "You are instructed not to consider parole as it applies to this
case. Parole is a matter within the exclusive control of the Board of Pardons and Parole." 

 After deliberations begin, a jury may receive further instructions from the court. Tex. Code
Crim. Proc. Ann. art. 36.27 (Vernon 1981). We generally presume the jury follows the trial court's
instructions in the manner presented. See Williams v. State, 937 S.W.2d 479, 490 (Tex. Crim. App.
1996). The presumption is rebuttable, but Appellant has pointed to no evidence in rebuttal. The
only evidence that the jury considered parole is the jury note. Even if the note constitutes evidence
the jury discussed parole at a preliminary point, we presume they followed the court's instructions
and thereafter did not consider it in reaching their verdict. And because the trial court corrected the
error, trial attorney's failure to object could have caused no harm and thus cannot constitute
ineffective assistance of counsel. 

 19. No objection to the Court's response to the jury's second note requesting information
about punishment. 

 During deliberations, the jury sent out a note which asked, "What is the difference in a life
sentence and a 99-year sentence or is there one?" The trial court responded to the question with, "I
refer you back to the charge." However, Appellant has not presented any argument or supporting
authorities to show this court why trial counsel's failure to object to the court's response constituted
deficient representation. 

 20. No offer of evidence to mitigate punishment. 

 Appellant contends that his attorney was ineffective for failing to call witnesses to mitigate
punishment. The record reflects that trial counsel interviewed both Appellant's mother and
girlfriend in regard to the case, but did not call either to the stand. However, there is simply no
record from which we can determine whether counsel acted in a reasonably professional manner in
not calling any witnesses. If the testimonies of such witnesses would not be beneficial, then counsel
acted professionally. As we have previously noted, any claim of ineffective assistance must be
firmly grounded in the record. Counsel's failure to call witnesses is irrelevant absent a showing that
such witnesses were available and that the appellant would have benefitted from their testimonies. 
King v. State, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983); Parmer v. State, 38 S.W.3d 661, 668
(Tex. App.-Austin 2000, pet. ref'd). Thus, Appellant has not established ineffective assistance of
counsel due to counsel's failure to call witnesses. 

 23. The cumulative effect of Appellant's trial counsel's errors prevented said trial counsel
from functioning effectively as an advocate for Appellant and, as a result, Appellant was prejudiced
to such a degree that he was deprived a fair trial. 

 We are not required to rely on Appellant's unsupported, subjective allegations of harm, nor
is harm shown by trial counsel's complained-of conduct itself, as discussed above. There is
sufficient relevant, competent evidence to support the jury's assessment of punishment. See Ybarra,
890 S.W.2d at 113-14. We hold, therefore, that Appellant has not met his burden of showing that
there is a reasonable probability that he would not have received the punishment that he did but for
trial counsel's performance. Accordingly, we overrule issue one.


The Court's Admonishment

 In his second issue, Appellant argues that the trial court committed reversible error when it
admonished Appellant as to the range of punishment for his crime. Specifically, the court instructed
Appellant that the offense to which he was pleading guilty carried a range of punishment of
anywhere from not less than five, possibly not less than fifteen years, up to ninety-nine years or life
in the Texas Department of Criminal Justice-Institutional Division, and a fine of up to $10,000.00. 
Appellant contends that the court's admonishment was deficient in that it did not properly apprize
Appellant of the proper range of punishment.

 Article 26.13 of the Code of Criminal Procedure provides that the court shall admonish the
defendant of the range of the punishment attached to the offense prior to accepting a plea of guilty. 
"Substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he
was not aware of the consequences of his plea and that he was misled or harmed by the
admonishment of the court." Tex. Code Crim. Proc. Ann. art. 26.13(c) (Vernon 1989). 

 The range of punishment when a defendant is found guilty of a first-degree felony, as in this
case, is imprisonment for life or for any term of not more than ninety-nine years or less than five
years, and a fine. Tex. Pen. Code Ann. § 12.32(a) (Vernon 1994). If it is shown that a defendant
who is on trial for a first-degree felony has once before been convicted of a felony, the range of
punishment is life imprisonment or for any term of not more than 99 years or less than 15 years, and
a fine. Tex. Pen. Code Ann. § 12.42(c)(1) (Vernon 1994).

Analysis

 In this case, before Appellant pleaded true to an enhancement paragraph, the trial court
admonished Appellant concerning the range of punishment. Consequently, if Appellant had made
the decision not to plead true, and the State was put to its burden to prove the conviction, the
minimum five-year term would have applied. The court was simply giving the punishment range
for the two possible scenarios. The admonishment, therefore, was in substantial compliance with
the statute. Appellant has not affirmatively shown that he was not aware of the consequences of his
plea and that he was misled or harmed by the admonishment. Accordingly, we overrule issue two.


Guilty Plea Not Knowing or Voluntary

 In his third issue, Appellant complains that the trial court erred when it accepted Appellant's
guilty plea when he was clearly "in a state of confusion." During Appellant's plea, the State
introduced Appellant's Written Stipulation and Waivers, which he contends abrogated many of his
constitutional rights, among them his right to file a motion for new trial and his right to contest the
conviction in this case. The State also introduced the trial court's admonishments to Appellant, in
which he preserved his right to appeal his case. Appellant argues that the two documents were
incompatible and that the trial court should have questioned Appellant to be sure that he knew
exactly what his rights were in regard to the entry of the plea of guilty. 

 Article 26.13 of the Code of Criminal Procedure mandates that "[n]o plea of guilty . . . shall
be accepted by the court unless it appears that the defendant is mentally competent and the plea is
free and voluntary." But an appellant, in order to succeed in his bid for a reversal based upon
involuntariness of a plea, must affirmatively show that he was not aware of the consequences of his
plea and that he was misled or harmed, such that the plea was rendered involuntary. Martinez v.
State, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). 

Analysis

 Before Appellant pleaded guilty, the court explained to him the range of punishment and
asked him if he understood. Appellant said yes. The court then asked how he pleaded, and
Appellant replied with a guilty plea. The court went on to ask Appellant if he was pleading guilty
because he was guilty and for no other reason, to which Appellant answered in the affirmative. The 
court then asked if anyone promised Appellant anything or threatened him to get him to plead guilty,
and Appellant said no. The court next asked if Appellant pleaded true or not true to the deadly
weapon charge. Appellant replied with a not true. Appellant then pleaded true to the enhancement
paragraphs, and stated that he was pleading true because the enhancement paragraphs were true and
for no other reason. The court next asked Appellant if he had signed the Stipulation and Waivers
and the admonishments. He replied that he had. The court then asked if he understood he was
confessing to the primary offense and to the enhancement paragraphs, to which Appellant answered
in the affirmative. When inquiring about the admonishments, the court asked Appellant if those
were his answers to the questions and if he had the assistance of his attorney in answering them. 
Appellant said yes. The court also asked if Appellant's attorney answered all his questions about
the two documents. Appellant replied that he had. The last question from the court was whether or
not Appellant had any additional questions, to which Appellant answered in the negative. 

 In Appellant's brief, appellate counsel states that "[t]he record demonstrates that his plea was
not entered into knowingly and voluntarily which is a requirement under Texas law. This
demonstrates that the Appellant did not know the legal consequences of his plea; therefore, the error
could not have been harmless." He goes on to suggest that Appellant answered all of the trial court's
questions in the manner in which he did because he did not want to alienate his trial attorney. There
are no record cites in support of these proposals, however. Appellant has wholly failed to show that
he was not aware of the consequences of his plea and that he was misled or harmed, such that the
plea was rendered involuntary. We hold, therefore, that the trial court did not err when it found that
Appellant's guilty plea was given knowingly and voluntarily. We overrule issue three.


Improper Jury Argument

 In issue four, Appellant contends that the State made remarks during closing argument which
were improper comments on his failure to testify. Specifically, he complains of the following:


 Prosecutor: And when he stands up here and says he's guilty of possession,
that's ignoring the aggravating factor that makes this the crime
that it is, that elevates it from simple possession. We are not
talking about a simple possession case. If we were, we would
have a whole different range of punishment. Now, talk about
speculation on behalf of the State. Recall, recall Joyce Box
setting up surveillance on his residence out here in west Mineola. 
Cars coming and going, coming and going, coming and going,
that's not speculation. That's bare facts. And what were they
there for, to get dope. The same thing that happened here.


Appellant's Attorney: I object. Counsel has gone outside the record in making that
statement.


 The Court: The objection is overruled. This is argument.


 Prosecutor: You can certainly conclude, reasonably conclude that's what they
were there for. They weren't there paying social calls. Now, he
stands here and asks you to have mercy, to have mercy, leniency. 
Leniency and compassion is[sic] earned. What has Danny
Nabors done to earn leniency and compassion. What compassion
has he extended to his customers. None. Absolutely none. He
has -


Appellant's Attorney: Again, Your Honor, he's arguing outside the record.


 The Court: I will sustain the objection as to what he's done with this
customers.


Appellant's Attorney: Ask the Court to instruct the jury to disregard the last statement
of counsel.


 The Court: The jury is instructed to disregard the last statements about how
he's treated his customers.


 Prosecutor: Well, you can certainly use your common sense folks. That's
exactly what the Judge told you to do. And when you got a run
of cars coming in and coming out, I suspect and you can
reasonably conclude they are not there for social purposes. 
That's for you to determine.


 The Court: Two minutes, Mr. Whitley.


 We agree that the State violates both the state and federal constitutions when a prosecutor
comments on an accused's failure to testify. Bustamante v. State, 48 S.W.3d 761, 764 (Tex. Crim.
App. 2001). But generally, error must be presented at trial with a timely and specific objection, and
any objection at trial which differs from the complaint on appeal preserves nothing for review. See
Sterling v. State, 800 S.W.2d 513, 521 (Tex. Crim. App. 1990); Tex. R. App. P. 33.1(a); see also
Nielsen v. State, 836 S.W.2d 245, 249 (Tex. App.-Texarkana 1992, pet. ref'd)(an objection
complaining of the State's attempt to shift the burden of proof is different from an objection
complaining of the State's commenting on defendant's failure to testify). The court of criminal
appeals has held that a defendant's right "not to be subjected to incurable erroneous jury arguments
is one of those rights that is forfeited by a failure to insist upon it." Cockrell v. State, 933 S.W.2d
73, 89 (Tex. Crim. App. 1996). The fact that a jury argument highlights a defendant's failure to
testify does not alter this requirement. See Calderon v. State, 950 S.W.2d 121, 137-39 (Tex.
App.-El Paso 1997, no pet.). Further, when an objection is sustained, a party must pursue his
objection to its adverse ruling; otherwise he waives error. See McFarland v. State, 989 S.W.2d 749,
751 (Tex. Crim. App. 1999). 

 In this case, Appellant's objections in the trial court differed from his complaint on appeal. 
Further, when one of his objections was sustained, Appellant failed to pursue his objection to its
adverse ruling. Consequently, Appellant did not preserve this complaint for appellate review. 
Accordingly, we overrule issue four.


Denial of Request for Evidence to be Included in Record on Appeal

 In issue five, Appellant complains that the trial court committed reversible error when it
overruled Appellant's request that the audio/video tape used to obtain the search warrant in this case
be included in the record on appeal. In reviewing the record, though, we note that at the hearing on
the motion for new trial, Appellant asked to see the tape and the State resisted disclosing the contents
because it would identify its confidential informant. Appellant did not pursue the matter further and
abandoned any attempt to ascertain the contents of the tape or to offer it into evidence either for trial
or record purposes. After testimony, arguments, and the court's denial of Appellant's motion for
new trial, Appellant requested that the court view the tapes in camera for evidence beneficial to
Appellant and to instruct the court reporter to attach the tape to the record for further review by this
court. The court denied his request as being untimely presented. See Tex. R. App. P. 33.1(a). We
agree and overrule issue five. 

 Finding no error, we affirm the judgment of the trial court.


 SAM GRIFFITH 

 Justice


Opinion delivered June 21, 2002.

Panel consisted of Worthen, J., and Griffith, J.





(DO NOT PUBLISH)









COURT OF APPEALS


TWELFTH COURT OF APPEALS DISTRICT OF TEXAS


JUDGMENT



JUNE 21, 2002



NO. 12-00-00371-CR



DANNY LYNN NABORS,


Appellant


V.


THE STATE OF TEXAS,


Appellee



 


 Appeal from the 402nd Judicial District Court


 of Wood County, Texas. (Tr.Ct.No. 16,411-2000)





 



 THIS CAUSE came to be heard on the appellate record and briefs filed herein,
and the same being inspected, it is the opinion of this court that there was no error in the judgment.

 It is therefore ORDERED, ADJUDGED and DECREED that the judgment
of the court below be in all things affirmed, and that this decision be certified to the court below
for observance.

 Sam Griffith, Justice.

 Panel consisted of Worthen, J., and Griffith, J.

THE STATE OF TEXAS


M A N D A T E


*********************************************




TO THE 402ND DISTRICT COURT of WOOD COUNTY, GREETING: 


 Before our Court of Appeals for the 12th Court of Appeals District of Texas, on the 21st day
of June, 2002, the cause upon appeal to revise or reverse your judgment between


DANNY LYNN NABORS, Appellant



NO. 12-00-00371-CR; Trial Court No. 16,411-2000



Opinion by Sam Griffith, Justice.



THE STATE OF TEXAS, Appellee



was determined; and therein our said Court made its order in these words:


 "THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same
being inspected, it is the opinion of this court that there was no error in the judgment.


 It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below
be in all things affirmed, and that this decision be certified to the court below for observance."


 WHEREAS, WE COMMAND YOU to observe the order of our said Court of Appeals for
the Twelfth Court of Appeals District of Texas in this behalf, and in all things have it duly
recognized, obeyed, and executed.


 WITNESS, THE HONORABLE JIM WORTHEN, Justice of our Court of Appeals for
the Twelfth Court of Appeals District, with the Seal thereof affixed, at the City of Tyler, this the
______ day of __________________, 200____.


 CATHY S. LUSK, CLERK



 By:_______________________________

 Deputy Clerk
1. Appellant admits in his brief that "[h]ad Appellant's Trial Counsel in the case at bar filed a Motion for
Discovery and attempted to obtain copies of the tapes that were described in the search warrant, then he may have
been able to make a determination if the probable cause on which the search warrant was based was valid."
(emphasis added)
2. Appellant reluctantly recognizes that he has no way of knowing if a motion to suppress would have been
successful, as follows: "There is no way at this time to make a determination of what the Trial Court would have
done if the Motions to Suppress had been filed. However, there would be little to lose by filing the Motions to
Suppress with a hearing . . . ."
3. Appellant recognizes the possibility that trial counsel's conduct was trial strategy, as articulated in his
appellate brief: "Although Trial Counsel may not have questioned Officer Skinner nor attempted to suppress Sheriff
Skinner's testimony as a matter of trial strategy, it appears that Trial Counsel's lack of questioning demonstrates a
lack of preparation."
4. The attorneys' strike sheets are not a part of the appellate record; however, under the Strickland
presumption of competency, it is assumed that these panel members were peremptorily stricken.